UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE COOPER,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>ALISHA WASHINGTON, ET AL,<br>　　　　　　　　　　Defendants. | Case No. 2:21-cv-01847-ART-DJA<br><br>ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SUMMARY JUDGMENT |

This is an action regarding the allegedly negligent assignment of Plaintiff Maurice Cooper ("Cooper") to reside at a particular address as a condition of his supervised release. Cooper sues Chad Boardman ("Boardman"), Chief of the United States Probation Office ("USPO") and Alisha Washington ("Washington"), Case Manager of Las Vegas Community Corrections Center ("LVCCC"). The United States, acting on behalf of Boardman, has filed a motion to dismiss (ECF No. 19) and a motion to stay (ECF No. 31.) LVMCC has likewise filed a motion to dismiss. (ECF No. 23.) Cooper has filed a motion for summary judgment. (ECF No. 11.) For the reasons stated below, this Court grants the Defendants' motions to dismiss and denies Plaintiff's motion for summary judgment and the United States' motion to stay as moot.

**I. BACKGROUND**

Plaintiff Cooper sues Defendants for breach of contract and negligence allegedly resulting from his housing placement following a term of incarceration. (ECF No. 1-2 at 2.)

Specifically, Cooper alleges that—after serving a term of incarceration for bank robbery—he was released on a federal furlough and entered LVCCC, where he stayed until June 13, 2017. (ECF No. 1-2 at 9.) Washington was his case manager at LVCCC. (*Id.*) Cooper alleges that LVCCC, through Washington,

1

instructed him to live at 1048 Hassell Avenue Las Vegas, Nevada 89106. ("1048 Hassell") (*Id.*) Cooper further alleges that the conditions at 1048 Hassell were unsanitary, that his mail was tampered with, and that the other occupants living at 1048 Hassell were possibly drug users or convicted felons. (ECF No. 1-2 at 7-8.) The felonious status of other residents of 1048 Hassell was of particular concern to Cooper, he alleges, because the conditions of his supervised release prohibited contact with persons convicted of a felony. (ECF No. 1-2 at 8.) Cooper prays for compensatory damages of $15,000, general damages of $15,000, statutory interest, and discretionary equitable relief. (ECF No. 1-2 at 9-10.)

Cooper initially filed his complaint in Nevada state court on September 9, 2021 and attempted to serve LVCCC and the Probation Office by mailing his complaint via FedEx and the United States Postal Service. (ECF No. 1-2 at 2, 15.) Twenty-six days later, on October 5, 2021, Cooper filed for default in state court, but the clerk of court did not sign his entry of default. (ECF No. 8 at 3.) Default was never entered in the state court proceeding. The next day, October 6, 2021, the United States removed the case to federal court in accordance with 28 U.S.C. §1442(a)(1). On October 12, 2021, LVCCC and Washington joined in the United States' removal. (ECF No. 6.)

On October 21, 2021, Cooper moved for summary judgment (ECF No. 11.) In his motion, Cooper restates the identities of the parties, alleges that he served the defendants via FedEx, and re-alleges the causes of action in his Complaint. (ECF No. 11 at 2-4.) Citing his own default filing—unsigned by the clerk of court—Cooper also alleges that defendants defaulted in the state court action. (ECF No. 11 at 2.)

On November 12, 2021, the United States, on behalf of Boardman, responded to Cooper's motion for summary judgment and moved to dismiss Cooper's Complaint. (ECF No. 19.) The United States argued that there were few undisputed facts in this action, that Cooper's efforts at service failed to comply

1  with Fed. R. Civ. P. 4(i)(2) & (3), and that this Court lacked subject matter
2  jurisdiction over: 1) Cooper's breach of contract claim because the Court of
3  Federal Claims possesses exclusive jurisdiction over breach of contract claims
4  involving the United States in excess of $10,000; and 2) Cooper's negligence claim
5  because Cooper did not exhaust his remedies under the Federal Tort Claims Act.
6  (ECF No. 19 at 3-7.)
7       On November 22, 2021, Defendants LVCCC and Washington also moved to
8  dismiss Cooper's complaint. (ECF No. 23.) LVCCC and Washington argued that
9  Cooper's negligence claim is barred by the statute of limitations, Cooper failed to
10 state a claim for breach of contract because he did not establish that a contract
11 between himself and LVCCC or Washington existed, and Cooper failed to properly
12 serve LVCCC or Washington. (ECF No. 23 at 5-8.)

## II. ANALYSIS

Even if Cooper is correct that he was negligently released to 1048 Hassell, this Court dismisses Cooper's claims against all defendants as he failed to serve them properly.

### A. Legal Standard

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Once service of process is properly challenged, the plaintiff bears the burden of establishing that service was valid under Rule 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Service is to be provided pursuant to the law of the forum state. *See* Fed.

R. Civ. P. 4(e)(1).[1] District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the defective service and permit re-service. *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("the district court has discretion to dismiss an action or quash service").

### B. Cooper Failed To Properly Serve All Defendants In This Action

Cooper chose to serve all defendants in this action via FedEx and United States Mail. (ECF No. 1-2 at 15.) Because service in this manner does not substantially comply with Federal Rule of Civil Procedure 4 or Nevada Rule of Civil Procedure 4, this Court grants Defendants' motions to dismiss.

#### 1. Cooper did not properly serve Defendant Boardman

Nevada's Rules of Civil Procedure provide that service upon the United States may be effectuated in accordance with Federal Rule of Civil Procedure 4. *See* NRCP 4.3(5). Cooper's mailing of the complaint, summons, and order to proceed *in forma pauperis* to the Nevada Probation Office did not satisfy the specific requirements of Federal Rule of Civil Procedure 4(i). Whether Cooper attempts to sue Boardman in his official or individual capacity, Cooper must also serve the United States. *See* Fed. R. Civ. P. 4(i)(2) ("To serve . . . a United States officer . . . in an official capacity, a party must serve the United States . . . ."); 4(i)(3) ("To serve a United States officer . . . in an individual capacity . . a party must serve the United States . . . ."). To serve the United States, a party must 1) either deliver a copy of the summons and the complaint to the United States attorney for the district where the action is brought or their written delegee, or send a copy of the summons and complaint via registered or certified mail to the civil-process clerk at the United States attorney's office; and 2) send a copy of the summons and complaint to the Attorney General of the United States at Washington, D.C. *See*

---

[1] The Nevada Rules of Civil Procedure provide that "[s]ervice upon the United States and its agencies, corporations, officers, or employees may be made as provided by Rule 4 of the Federal Rules of Civil Procedure." NRCP 4.3(5).

Fed. R. Civ. P. 4(i)(1)(A)(i), (ii) and 4(i)(1)(B).

Here, Cooper failed to serve the Summons and Complaint on the United States Attorney for the District of Nevada or his designee, in accordance with Rule 4(i)(1)(A)(i), and also did not send the Summons and Complaint by certified mail to the civil-process clerk at the United States attorney's office in accordance with Rule 4(i)(1)(A)(ii). In addition, Cooper did not send a copy of the Summons and Complaint by registered or certified mail to the Attorney General of the United States at Washington D.C. in accordance with Rule 4(i)(1)(B). Therefore, Cooper has not substantially complied with Rule 4(i), and this Court grants the United States' Motion to Dismiss on behalf of Boardman for lack of personal jurisdiction. (ECF No. 19.)

**2. Cooper did not properly serve LVCCC or Washington**

Cooper did not properly serve Washington. "As a general matter, state procedural rules govern state lawsuits until they are removed to federal court." *Prazak v. Loc. 1 Int'l Union of Bricklayers & Allied Crafts*, 233 F.3d 1149, 1152 (9th Cir. 2000) (citing *Herb v. Pitcairn*, 324 U.S. 117, 120 (1945).) Therefore, this Court evaluates Cooper's method of service as to Washington under Nevada law as it transpired prior to removal. As discussed above, Cooper mailed his summons and complaint via FedEx and United States Postal Service. Service as to Washington will only be proper if this method accords with Nevada's own rules for service of process. It does not.

Unless a defendant waives service of a summons, Nevada Rule of Civil Procedure 4.2(a) requires service to be made on an individual either personally, by leaving a copy of the summons and complaint at the individual's residence with a person of suitable age and discretion who lives there and is not an adverse party, or by delivering a copy of the summons and complaint to an agent authorized to receive service of process. *See* NRCP 4.2(a). Here, Cooper attempted service of process via mail, and mail—standing alone—is not authorized by the

5

Nevada Rules of Civil Procedure for service upon an individual. Therefore, this Court grants Defendants' Washington and LVCCC's Motion to Dismiss for lack of personal jurisdiction as to Washington. (ECF No. 23.)

Cooper also did not properly serve LVCCC. Nevada Rule of Civil Procedure 4.2(c)(1)(A) governs service on entities and associates in Nevada. Nevada entities or associations may be served by "delivering a copy of the summons and complaint" to a number of enumerated agents, members, or partners. NRCP 4.2(c)(1)(A). Nevada Rule 4.2(c)(1)(A) does not authorize freestanding service of process by mail against Nevada entities or associations. *Id.*

Because Cooper only attempted service of process via mail, this Court grants Washington and LVCCC's Motion to Dismiss for lack of personal jurisdiction as to LVCCC.

### 3. Cooper's additional arguments do not alter the outcome

Cooper cites *Houston v. Lack* for the proposition that the documents he mailed—his complaint, summons, and order to proceed *in forma pauperis*—were deemed filed when he dropped them off at the FedEx Office. 487 U.S. 266 (1988) (ECF No. 1-2 at 15.) *Houston*, however, was limited to *pro se* prisoners, and explicitly differentiated *pro se* prisoners from other civil litigants. *Houston*, 487 U.S. at 273 ("the lack of control of *pro se* prisoners over delays extends much further than that of the typical civil litigant . . . their lack of freedom bars them from delivering the notice to the court clerk personally.") The Supreme Court explicitly noted in *Houston* that it did not disturb the lower courts' rejection of "the general argument that a notice of appeal is 'filed' at the moment it is placed in the mail. . . ." *Id.* at 274 ("To the extent these cases state the general rule in civil appeals, we do not disturb them."). Therefore, this Court finds that *Houston* is not applicable in the present action.

Additionally, here Cooper's *pro se* status does not alter the analysis because "pro se status, alone, is not a justifiable excuse for the defect" in service of

6

process. *Graham v. United States*, 79 Fed. App'x. 992, 993 (9th Cir. 2003). Likewise, Cooper's constructive service on the defendants in this action—as evidenced by their responses to his pleadings in this lawsuit—is insufficient as "even actual notice will not provide personal jurisdiction" unless there is "'substantial compliance' with Fed. R. Civ. P. 4. . . ." *Graham,* 79 Fed. App'x. at 993-94 (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). Because Cooper's method of service did not substantially comply with Rule 4, this Court grants Defendants' Motions to Dismiss for lack of personal jurisdiction.

**III.      CONCLUSION**

The Court notes that all defendants provided additional defenses but does not reach them at this juncture.

If Cooper wishes to file a new complaint he must also properly serve all defendants in accordance with Nevada Rule of Civil Procedure 4 and Federal Rule of Procedure 4. Cooper may also address the additional arguments posed by defendants—particularly with regard to the existence of some contract between Cooper and LVCC, Washington, or Boardman. The Court additionally notes that a duty only found in a federal statute may not form the basis of a negligence claim under the Federal Tort Claims Act. *See Delta Sav. Bank v. United States,* 265 F.3d 1017, 1024 (9th Cir. 2001) ("The breach of a duty created by federal law is not, by itself, actionable under the FTCA.") (quoting *U.S. Gold & Silver Invs. Inc. v. United States*, 885 F.2d 620, 621 (9th Cir. 1989)).

IT IS HEREBY ORDERED THAT Defendant Chad Boardman's Motion to Dismiss (ECF No. 19) is GRANTED. All of Cooper's claims against Boardman are dismissed without prejudice.

IT IS FURTHER ORDERED THAT LVCCC and Washington's Motion to Dismiss (ECF No. 23) is GRANTED. All of Cooper's claims against LVCCC and Washington are dismissed without prejudice.

IT IS FURTHER ORDERED THAT Cooper's Motion for Summary Judgment (ECF No. 11) and Defendant United States' Motion to Stay (ECF No. 31) are DENIED as moot.

IT IS SO ORDERED.

DATED THIS 13th day of October 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE